HERBERT CAMP, JR. *v.* DAVID T. CHASE ET AL.

SUPERIOR COURT      JUDICIAL DISTRICT OF      FILE NO. 265481
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed December 7, 1983

*Herbert Camp, Jr.,* pro se, the plaintiff.

*Skelley, Clifford, Vinkels, Williams & Rottner,* for the plaintiff.

*Zeldes, Needle & Cooper,* for the named defendant.

*Shipman & Goodwin,* for the defendant Connecticut Banc Federation, Inc., et al.

*Day, Berry & Howard,* for the defendant Frank Chapman et al.

*Gross, Hyde & Williams,* for the defendant Chet J. Markovich.

*Updike, Kelly & Spellacy,* for the defendant Joseph F. Malott.

KLINE, J. This is a shareholders' derivative action brought in thirteen counts, pursuant to General Statutes § 52-572j, against various officers and directors of Connecticut Banc Federation, Inc. (ConFed), and Guaranty Bank and Trust Company (Guaranty). The plaintiff alleges that he brings each count "on behalf of himself and other shareholders of ConFed similarly situated to enforce the rights of Guaranty against Guaranty's directors."

It is undisputed that the plaintiff is an attorney licensed to practice law in Connecticut and has entered a pro se appearance in the present action. In addition, independent outside counsel has also appeared on behalf of the plaintiff.

The defendants move to strike the complaint on the ground that the plaintiff's dual role, as sole named plaintiff and as appearing counsel, prevents him from fairly and adequately representing the interests of shareholders similarly situated in enforcing the rights of the corporation.

The question posed to the court is whether the plaintiff, an attorney, can represent the other similarly situated shareholders in this action.

A motion to strike tests the legal sufficiency of the challenged cause of action. Practice Book § 152.

General Statutes § 52-572j provides in part that "[w]henever any corporation or any unincorporated association fails to enforce a right which may properly be asserted by it, a derivative action may be brought by one or more shareholders or members to enforce the right, provided the shareholder or member was a shareholder or member at the time of the transaction of which he complained or his membership thereafter devolved on him by operation of law . . . . The derivative action may not be maintained if it appears that

the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association."

There appear to be no reported Connecticut decisions dealing with a challenge to the plaintiff's ability to represent fairly and adequately similarly situated shareholders in a derivative action by motion to strike. The defendants in a derivative action may properly question whether the plaintiff has standing to act as the nominal shareholder acting on behalf of the corporation and other shareholders. *Barrett* v. *Southern Connecticut Gas Co.,* 172 Conn. 362, 370–71, 373, 374 A.2d 1051 (1977), citing *Slutzker* v. *Rieber,* 132 N.J. Eq. 412, 28 A.2d 528 (1942) (claim raised by motion to strike answer); *Ireland* v. *Wynkoop,* 36 Colo. App. 205, 222, 539 P.2d 1349 (1975) (claim raised by motion to dismiss). Standing has been recognized as appropriately reached by motion to strike. See *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.,* 179 Conn. 541, 427 A.2d 822 (1980).

A motion to strike has been recognized as the appropriate tool with which to test the sufficiency of allegations establishing the propriety of a class action. *Saphir* v. *Neustadt,* 37 Conn. Sup. 46, 48, 429 A.2d 972 (1980). In *Saphir,* it is notable that the court was ruling on the sufficiency of an allegation designed to satisfy Practice Book § 87 (4), i.e., that "the representative parties will fairly and adequately protect the interests of the class." *Saphir* v. *Neustadt,* supra, 48. Given the similarity of the requirements of Practice Book § 87 (4) and General Statutes § 52-572j, and the general proposition that a shareholder derivative action is closely allied to, if not a species of, class actions; see annot.,

15 A.L.R. Fed. 954, 956 (1973); it is respectfully submitted that the court may properly consider the merits of the defendants' claims on motion to strike.[1]

The requirement that the nominal plaintiff fairly and adequately represent the shareholders on whose behalf he purports to sue, is a prerequisite which the plaintiff shareholder must satisfy in order to assert the alleged corporate claim as a representative plaintiff, *Yanow* v. *Teal Industries, Inc.*, 178 Conn. 262, 286, 422 A.2d 311 (1979); *Barrett* v. *Southern Connecticut Gas Co.*, supra, 371. The authorities are split however as to whether an attorney may fairly and adequately represent the interests of similarly situated shareholders where he serves as sole counsel and sole named plaintiff for the class. Compare *Zylstra* v. *Safeway Stores, Inc.*, 578 F.2d 102, 104–105 (5th Cir. 1978); *Turoff* v. *May Co.*, 531 F.2d 1357, 1360 (6th Cir. 1976); *Davidson* v. *Yeshiva University*, 555 F. Sup. 75, 78 (S.D.N.Y. 1982), with *Clark* v. *Cameron-Brown Co.*, 72 F.R.D. 48, 56–57 (M.D.N.C. 1976); *Sweet* v. *Bermingham*, 65 F.R.D. 551, 556 (S.D.N.Y. 1975); *Lamb* v. *United Security Life Co.*, 59 F.R.D. 25, 31 (S.D. Iowa 1972).

Generally those courts allowing one person to be sole attorney and nominal plaintiff rely upon the court's supervisory function in approving any settlement or award of attorney's fees in derivative and class actions. See *Clark* v. *Cameron-Brown Co.*, supra; see, e.g., Fed. R. Civ. P. 23 (e). Those courts disallowing the practice find that the two positions create an inherent conflict arising from the potentially divergent interests of the attorney in the fee and the plaintiff in the award. See *Turoff* v. *May Co.*, supra.

---

[1] Both the motion to strike and motion for summary judgment test the legal sufficiency of a cause of action; the former when the pleadings are open, the latter when the pleadings are closed. See *Boucher Agency, Inc.* v. *Zimmer*, 160 Conn. 404, 409–10, 279 A.2d 540 (1971).

In Connecticut, where the representative qualifications of a nominal plaintiff have been attacked on grounds that the plaintiff had interests antagonistic to those of many shareholders, the "real issue is whether an inquiry of 'all possible antagonisms between the interests of the representative and those of the class' . . . reveals conflicts which make it 'likely that the interests of the other stockholders will be disregarded in the management of the suit.' " (Citations omitted.) *Barrett* v. *Southern Connecticut Gas Co.*, supra, 374.

In *Barrett*, the nominal plaintiff had also brought an individual suit against the corporation. The court noted (p. 377) that while the plaintiff's financial interest in the derivative suit would be negligible, his interest in a successful completion of his individual suit would be substantial. The court thus held (p. 377) that, as a matter of law, the potential for abuse despite plaintiff's averments of good faith constituted an irreconcilable conflict between the plaintiff and other shareholders.

Due process requires that the nominal plaintiff "be free of any interest which holds the potential of influencing his conduct of the litigation in a manner inconsistent with the corporate shareholders' interests. *Barrett* v. *Southern Connecticut Gas Co.*, supra, citing *duPont* v. *Wyly,* 61 F.R.D. 615, 624 (D. Del. 1973). The standard (p. 377) is one of potential for *abuse;* suggestion of conflict will suffice. The determination of a conflict is a legal one; where the material facts which constitute the conflict are not in dispute the issue is susceptible to summary resolution. *Barrett* v. *Southern Connecticut Gas Co.*, supra, 378.

The situation in the present case is strikingly similar to that in *Barrett,* i.e., the plaintiff's interest in successful resolution of the derivative suit is relatively minor, his financial interest as attorney is potentially great. It is therefore respectfully submitted that under

*Barrett* the plaintiff cannot fairly and adequately represent the interests of similarly situated shareholders of the corporation. Therefore, the derivative action cannot be maintained so long as the plaintiff also appears as counsel. Since the plaintiff is also represented by outside counsel, the court determines that the motion to strike be granted unless the plaintiff withdraws his pro se appearance forthwith. See *Nussbacher* v. *Continental Illinois B & T Co., of Chicago,* 61 F.R.D. 399, 402 (N.D. Ill. 1973) (motion to dismiss granted with leave to amend within twenty days).

Accordingly, the motion to strike is granted, *unless* the plaintiff withdraws his appearance within fifteen days.