[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT DATED 12/19/90 (#180.00)
I ISSUE
Whether defendant's motion for partial summary judgment should be granted.
The defendant is granted summary judgment in its favor on plaintiffs' bystander emotional distress claim, but defendant is not granted summary judgment on plaintiffs' CUTPA claim.
II FACTS
This motion for partial summary judgment arises out of an action brought by plaintiffs Peter Cooley, a minor, and his parents Pierre and Barbara Cooley against defendant, The Country Place, Inc. In count one of plaintiffs' three count complaint, plaintiffs allege that defendant breached its contract to provide Peter Cooley with treatment for substance abuse dependency and psychological problems by failing to exercise the degree of care or skill ordinarily exercised by Connecticut psychiatric institutions. In count two, plaintiffs allege a similar claim sounding in negligent malpractice. In count three, plaintiffs allege a violation of the Connecticut Unfair Trade Practices Act [CUTPA]. Each count alleges that as a result of defendant's actions, plaintiffs Pierre and Barbara Cooley suffered emotional distress.
Defendant moves for summary judgment on plaintiffs' claim for bystander emotional distress on the ground that, no recovery is permitted for bystander emotional distress in a medical malpractice action. Additionally, defendant moves for summary judgment on count three on the ground that plaintiffs' complaint fails to state a claim under CUTPA. In support of its motion, defendant has filed a memorandum. Plaintiffs have filed a memorandum in opposition to the motion. Neither party has offered any affidavits or evidence in support of their positions.
The pleadings are closed as evidenced by defendant's answer and special defense dated February 12, 1988, and plaintiffs' reply to the special defense dated March 15, 1988.
III DISCUSSION CT Page 6642
 Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' (citations omitted). . . . `The movant has the burden of showing the non-existence of such issues. . . .'
Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578-79
(1990). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442, 445 (1984). The test as to whether summary judgment should be granted "is whether a party would be entitled to a directed verdict on the same facts." Connell v. Colwell, 214 Conn. 242, 247 (1990).
Plaintiffs initially object to the motion for summary judgment on the ground that defendant has failed to file any form of documentation in support of its motion as required by Conn. Practice Bk. 380.
Conn. Practice Bk. 380 provides that: "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like."
"The failure to file documentation supporting the motion, though it may impact upon its effectiveness, does not render it per se defective in that, in some cases, the propriety of summary adjudication may be demonstrated upon the pleadings alone." Barone v. Schuster Express, Inc., 2 CSCR 315 (February 4, 1987, Schaller, J.). The defendant's motion for summary judgment based soley upon the pleadings and therefore supportive documentation is unnecessary. It is also noted that plaintiffs have failed to file any supportive documentation as required by Conn. Practice Bk. 380. The failure of an opposing party to file documentation pursuant to 380 has been excused. See Batick v. Seymour, 186 Conn. 632, 646 (1982). The failure to file supportive documentation by these opposing parties will not preclude this court from deciding the merits of defendant's motion for summary judgment.
Plaintiffs also object to defendant's motion for partial summary judgment on the ground that the motion is an improper attempt to strike the plaintiffs' claims. Plaintiffs argue that the motion for summary judgment is an inappropriate vehicle to test the legal sufficiency of the allegations in the complaint CT Page 6643 at this stage of the action.
"Both the motion to strike and motion for summary judgment test the legal sufficiency of a cause of action; the former when the pleadings are open, the latter when the pleadings are closed." Camp v. Chase, 39 Conn. Sup. 264, 267 n. 1 (1983); citing Boucher Agency, Inc. v. Zimmer, 160 Conn. 404, 409-10
(1971). In the instant case, the motion for summary judgment is proper at this stage of the action because the pleadings are closed and the court may consider the merits of the defendant's motion.
Defendant moves for summary judgment on plaintiffs Pierre and Barbara Cooley's claim for bystander emotional distress arising out of the alleged malpractice that was committed on their son Peter Cooley by defendant, The Country Place. Defendant cites Maloney v. Conroy, 208 Conn. 392 (1988) and argues that a bystander to medical malpractice may not recover for emotional distress.
In Maloney, the Supreme Court considered and rejected the viability of a bystander emotional distress cause of action within the context of a medical malpractice action. The court founds that:
 Whatever may be the situation in other contexts where bystander emotional disturbance claims arise, we are convinced that, with respect to such claims arising from malpractice on another person, we should return to the position we articulated in Strazza that `there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another.' Strazza v. McKittrick, [146 Conn. 714, 719 (1959)].
Maloney v. Conroy, 208 Conn. 392, 402 (1988). The court held that "a bystander to medical malpractice may not recover for emotional distress. . . ." Id. at 393.
In Maloney, the plaintiff sought damages for emotional distress alleged to have resulted from the medical malpractice of the defendants in treating her mother. The Supreme Court upheld the trial court's granting of defendants' motion to strike the bystander emotional distress claim. Id.
In the instant case the parents are seeking damages for the emotional distress they suffered as a result of the alleged medical malpractice committed by the defendants upon their son. Bystander emotional distress claimed in count two of the instant case is similar to the claim that was stricken in Maloney. CT Page 6644 Because Maloney did not permit a bystander to medical malpractice to recover for emotional distress, plaintiffs' allegations fail to state a legally recognizable claim. Plaintiffs have failed to submit any evidence that would remove their claim from the confines of Maloney. Consequently, there is no genuine issue as to any material fact and the defendant is entitled to summary judgment on plaintiffs' bystander emotional distress claim.
Defendant also moves for summary judgment on count three on the ground that plaintiffs have failed to allege any acts to support a CUTPA violation. Defendant argues the plaintiffs have failed to allege or submit any proof that defendant committed any acts that are offensive to public policy, immoral, unethical, oppressive or unscrupulous to the consuming public.
Plaintiffs argue that previously in this action, Judge Emmett found that plaintiffs' complaint sufficiently alleged a CUTPA cause of action and therefore defendant's challenge is barred by the law of the case.
 `The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked (citations omitted). In essence it expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. . . .' (citation omitted). . . . `A judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision.' (citations omitted).
Rosenblit v. Danaher, 206 Conn. 125, 132-33 (1988).
Defendant has failed to put forward any new evidence, by way of an affidavit or otherwise, that demonstrates that the law of the case should not be upheld. Judge Emmett's December 23, 1987 decision denying the defendant's motion to strike simply found that "plaintiffs' allegations are sufficient under standards set forth in Mead v. Burns, 199 Conn. 651, 664-65
(1986), to withstand defendant's motion to strike. Amodio v. Cunningham, 182 Conn. 80 (1980)." The Connecticut Supreme Court still employs the standards set forth in Mead.
 In determining whether the practice in question violates CUTPA, courts employ the following criteria: `(1) whether the practice, without necessarily having been previously considered unlawful, offends public CT Page 6645 policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers. . . .' Mead v. Burns, 199 Conn. 651, 664-65, 509 A.2d 11 (1986), quoting FTC v. Sperry Hutchinson Co., 405 U.S. 233, 244 n. 5, 92 S.Ct. 898, 31 L.Ed.2d 170 (1972).
Sanghavi v. Paul Revere Life Ins. Co., 214 Conn. 303, 311-12
(1990). All three criteria need not be satisfied to support a finding of unfairness and a practice may be unfair because of the degree to which it meets all three. Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234, 242 (1987).
In the third count of the instant action, plaintiff alleges that the unethical and unscrupulous acts by defendant consisted of the allegations of count one including the following: that defendant breached its contract with plaintiffs by failing to exercise the degree of care or skill ordinarily exercised by psychiatric institutions, by its failure to provide adequate treatment to Peter Cooley, by its failure to screen, train and supervise its employees and by discharging patient Peter Cooley, a minor, suffering from severe drug dependency and psychological problems, without notice to his parents. These allegations sufficiently describe conduct which may be characterized as unethical and unscrupulous acts especially in light of the allegation that Peter Cooley is a minor. Whether plaintiffs are able to prove the allegations of count three remains to be decided by the trier of fact. It is found that defendant has failed to show that there is no genuine issue as to any material fact. Defendant has also failed to put forth any viable reason to overrule the law of the case. Defendant's motion for summary judgment on count three is denied as defendant is not entitled to judgment as a matter of law.
KARAZIN, J.