[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant, F.L. Roberts, Inc., has moved for summary judgment.
Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." Zichichi v. Middlesex Memorial Hospital,204 Conn. 399, 402, 528 A.2d 805 (1987). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, D.H.R. Construction Co. v. Donnelly, 180 Conn. 430 434, 429 A.2d 903 (1980), a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book 380, 381; Burns v. Hartford Hospital, [192 Conn. 451,455, 472 A.2d 1257 (1984)]. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304, 309, 407 A.2d 971 (1978). Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d (1984). `The test is whether a party would be entitled to a directed verdict on the same facts.' Batick v. Seymour,186 Conn. 632, 647, 443 A.2d 471 (1982)." Connell v. Colwell,214 Conn. 242, 246-247, 571 A.2d 116 (1999).
A motion or summary judgment is the proper vehicle by which to test the legal sufficiency of a cause of action after the pleadings are closed. Camp v. Chase, 39 Conn. Sup. 264, 267
n. 1, 476 A.2d 1087 (Super.Ct., 1983, Kline, J.). "A motion for summary judgment is designed to eliminate the delay and expense incident to a trial when there is no real issue to be tried." Dorazio v. M. B. Foster Electric Co., 157 Conn. 226, 228,253 A.2d 22 (1968). "Summary judgment procedure, generally speaking, is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial." (citation omitted.) Town Bank Trust Co. v. Benson, supra, 306-307. The test for granting summary judgment is whether the moving part would be entitled to a directed verdict on the same facts. Connell v. Colwell, supra, 246-247; Wilson v. New Haven,213 Conn. 277, 279-80, 567 A.2d 829 (1989). The Practice Book rules governing summary judgment are similar to Federal Rule No. 56. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,376, 260 A.2d 596 (1989). Unlike the federal rule, however, which allows the motion to be filed at any time, 379 requires that the pleadings be closed between the parties to the motion. CT Page 1637 See Orticelli v. Powers, 197 Conn. 9, 15, 495 A.2d 1023 (1985). Nevertheless, this requirement may be waived. See, e.g., Avis Rent-A-Car System, Inc. v. Crown High Corp., 165 Conn. 608, 614,345 A.2d 1 (1973). In Avis, both parties moved for summary judgment and were heard on their motions before the defendant filed his answer and counterclaim. The trial court granted the plaintiff's motion and the defendant appealed on the ground that the pleadings had not been closed. The Supreme Court upheld that the trial court's granting of the motion, ruling that "[w]hen both parties joined in submitting the case to the court for a summary determination before the filing of the answer, they necessarily agreed to let the court decide the merits of their respective motions when a favorable decision in either motion would terminate the case by the entry of judgment. The defendant, therefore, cannot now complain of the irregular procedure induced and acquiesced in by the parties themselves." (Citations omitted.) Id.
Where the failure to close the pleadings is rendered harmless by later circumstances so that the nonmovant will not be prejudiced, the court may decide a motion for summary judgment. See, e.g., Bridgeport v. Debek, 2 CSCR 552, 553
(April 22, 1987, Stodolink, J.). "A violation of the rule that the pleadings must be closed before a motion for summary judgment can be brought can be rendered harmless by later circumstances. Brookfield v. Candlewood Shore Estates, Inc.,201 Conn. 1, 4 [513 A.2d 1218] (1986). . . . In this case, the plaintiff did not move for summary judgment [against the defendant Debek who now opposes the motion on the ground that the pleadings were not closed, but rather against three other defendants]. Instead, the defendant Debek took it upon himself to oppose the motion for summary judgment. Under these circumstances, the defendant [Debek] is not prejudiced. In addition, the defendant Debek has since filed an answer and special defenses. . . . Under the facts of this case, the violation was rendered harmless by later circumstances . . . ." Id.
The test of proximate cause is whether the harm which occurred was of the same general nature as the foreseeable risk created by the defendant's negligence. Tetro v. Stratford,189 Conn. 601, 605 (1986); Coburn v. Lenox Home, Inc., 186 Conn. 370,382, 84 (11982).
The defendant, F.L. Roberts, Inc., filed a request for leave to file amended answer and special defenses on October 4, 1990. There is nothing in the file to indicate if the court took any action with respect to this motion. Because the plaintiff has not filed a reply to the special defenses, the pleadings are not closed. This court could render a decision on CT Page 1638 the motion for summary judgment had the plaintiff filed a reply to the special defenses.
In any event, a motion for summary judgment is not proper in this case because there are mixed questions of law and fact. There is a question of whether the defendant owed a duty to the plaintiff. There is a question whether the defendant failed to assist the plaintiff. There is a question of whether there was sufficient security. There is a question of whether the defendant took sufficient precautions to protect its patrons. There is a question whether it was foreseeable that criminal conduct would occur. In addition, there is a further question whether defendant adequately protected the plaintiff against the risk.
For the foregoing reasons, the motion for summary judgment is denied.
SCHALLER, J.