[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
In this case, the plaintiff, Richard Bolduc, claims he was injured when he was assaulted on the premises of Old 5A Cafe (also known as Magey's Cafe) on July 4, 1987. The plaintiff claims that the assailants were served alcoholic beverages at the cafe while they were in an intoxicated state and subsequently assaulted him on the premises.
By motion filed on April 4, 1990, the plaintiff moved to add the defendant, Michael Agey, doing business as Magey's Cafe. In plaintiff's amended complaint filed with the motion, the plaintiff pleaded two counts against defendant Agey, one claiming a dram shop violation and one asserting a willful and wanton misconduct claim. Mr. Agey was served with this complaint adding him as a party defendant on May 4, 1990, approximately three years after the date of the alleged occurrence. CT Page 2132
The plaintiff filed the revised complaint on October 22, 1990. On March 21, 1991, the defendant Agey filed an answer and special defenses. The plaintiff replied to defendant's special defenses. Because the pleadings are closed with respect to the defendant, Michael Agey, the motion for summary judgment is properly before this court.
The defendant Agey has filed a motion for summary judgment on the ground that this action was not timely commenced and is barred by the applicable statute of limitations.
The plaintiff has opposed the defendant's motion for summary judgment on the ground that the issue of the statute of limitations was decided by the court, Stengel, J., in its denial of defendant's motion to strike filed October 31, 1990.
"`Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law." Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 402, 528 A.2d 805 (1987). `Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 903 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book 380, 381; Burns v. Hartford Hospital, [192 Conn. 451, 455, 472 A.2d 1257 (1984)]. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304, 309,407 A.2d 971 (1978).' Strada v. Connecticut Newspapers, Inc., 193 Conn. 313,317, 477 A.2d 1005 (1984). `The test is whether a party would be entitled to a directed verdict on the same facts.' Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982). Connell v. Colwell, 214 Conn. 242, 246-247, 571 A.2d 116
(1990).
A motion for summary judgment is the proper vehicle by which to test the legal sufficiency of a cause of action after the pleadings are closed. Camp v. Chase, 39 Conn. Sup. 264,267 n. 1, 476 A.2d 1087 (Super.Ct., 1983, Kline, J.). "A motion for summary judgment is designed to eliminate the delay and expense incident to a trial when there is no real issue to be tried." Dorazio v. M.B. Foster Electric Co., 157 Conn. 226,228, 253 A.2d 22 (968). "Summary judgment procedure, generally speaking, is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less CT Page 2133 expensive for all concerned than a full-dress trial." (Citation omitted). Town Bank Trust Co. v. Benson,176 Conn. 304, 306-307, 407 A.2d 971 (1978). The test for granting summary judgment is whether the moving party would be entitled to a directed verdict on the same facts. Connell v. Colwell, supra, 246-247; Wilson v. New Haven, 213 Conn. 277,279-80, 567 A.2d 829 (1989). The Practice Book rules governing summary judgment are similar to Federal Rule No. 56. United Oil Co. v. Urban Development Commission, 158 Conn. 364, 376,260 A.2d 596 (1969).
Unlike the federal rules, under 380 both parties are required to file supporting affidavits, documents, exhibits and the like. Duhaime v. American Reserve Life Ins. Co., 200 Conn. 360,363, 511 A.2d 333 (1986). "Although the party seeking summary judgment has the burden of showing the non-existence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citations omitted). Strada v. Connecticut Newspapers, Inc., supra, 317. Nevertheless, the failure of the opposing party to file a counter-affidavit does not bar him from attacking the sufficiency of the movant's affidavit.
The court in Lacasse v. Burns, 214 Conn. 464, 572 A.2d 357
(1990), on the issue of when an action is commenced, stated:
 The commissioner also claims that the decision of the trial court may also be affirmed on the ground that the plaintiffs' actions were not "commenced" within the one year time frame specified in 52-592. The commissioner acknowledged that in both cases the plaintiffs' writ, summons and complaint were delivered to a sheriff and subsequently served upon him within the time period authorized by General Statutes 52-593a, "within fifteen days of the delivery" of the writ to a proper officer. The commissioner argues, nevertheless, that because in Connecticut an action is not "commenced" until process is actually served upon the defendant; Broderick v. Jackman, 167 Conn. 96, 99, 355 A.2d 234 (1974); Spalding v. Butts, 6 Conn. 28, 30 (1825); and because 52-592 utilizes the term "commence" rather than the term "brought," which is found in 52-5903a, the plaintiffs' actions were barred, service not having been made until one year and one day after the June 19, 1987 dismissal of the plaintiffs' prior actions. When this claim was presented to the trial court, it concluded merely that the "action[s] [were] begun within the statutory time. Conn. Gen. Stat. 52-593a; 52-592." We agree with the trial court.
CT Page 2134
 Initially, the commissioner's reliance upon Broderick v. Jackman, supra, and Spalding v. Butts, supra, is misplaced. This court, in Broderick, cited Consolidated Motor Lines, Inc. v. M M Transportation Co., 128 Conn. 107, 109, 20 A.2d 621 (1941), which interpreted Spalding to have held that "the time when the action is regarded as having been brought is the date of service of the writ upon the defendant." (Emphasis added.) Consolidated Motor Lines, Inc. v. M M Transportation Co., supra; see also Seaboard Burner Corporation v. DeLong, 145 Conn. 300, 303, 141 A.2d 642 (1958). Thus, for almost one half century this court has seen no distinction between "commencing" and "bringing" an action. We see no reason to make one now. Additionally, the commissioner has presented us with no logical reason why the legislature would choose to preclude the application of 52-593a by resorting to whatever grammatical distinction might exist between the terms "commence" and "brought," when those terms have been used interchangeably to describe the initiation of an action.
Lacasse, supra, 475-76.
The court in Hart, Nininger Campbell Assoc. v. Rogers,16 Conn. App. 619, 548 A.2d 758 (1988), similarly stated:
 "In Connecticut, an action is commenced on the date of service of the writ upon the defendant." (Citations omitted.) The reason for this rule is that notice, actual or constructive, is the foundation of the process." (Citations omitted.)
General Statutes 552-584, limitation of action for injury to person or property, states:
 No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed.
General Statutes 52-584.
General Statutes 30-102, dram shop act; liquor seller liable for damage by intoxicated person, states: CT Page 2135
 If any person, by himself or his agent, sells any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, thereafter injures the person or property of another, such seller shall pay just damages to the person injured, up to the amount of twenty thousand dollars, or to persons injured in consequence of such intoxication up to an aggregate amount of fifty thousand dollars, to be recovered in action under this section, provided the aggrieved person or persons shall give written notice to such seller within sixty days of the occurrence of such injury to person or property of his or their intention to bring an action under this section. In computing such sixty-day period, the time between the death or incapacity of any aggrieved person and the appointment of an executor, administrator, conservator or guardian of his estate shall be excluded, except that the time so excluded shall not exceed one hundred twenty days. Such notice shall specify the time, the date and the person to whom such sale was made, the name and address of the person injured or whose property was damaged, and the time, occurred. No action under the provisions of this section shall be brought but within one year from the date of act or omission complained of.
General Statutes 30-102.
Pursuant to the reasoning of the courts in Lacasse and Hart, Nininger Campbell Assoc. an action is commenced on the date of service of the writ upon the defendant. In both counts against the defendant Agey, the action was commenced beyond the time limitations provided for by the respective statutes. The dram shop action, pursuant to General Statutes 30-102, must be commenced within one year and the willful and wanton misconduct, pursuant to General Statutes 52-584, within two years. Service was made upon the defendant Agey on May 4, 1990, approximately three years after the date of the alleged occurrence, July 4, 1987, and beyond either applicable statute of limitations. Therefore, this action is time-barred and cannot be maintained.
The plaintiff argues that the defendants should be estopped from asserting the statute of limitations defense based on a claim of fraudulent concealment.
The court in Connell v. Colwell, 214 Conn. 242, 571 A.2d 116
(1990), with respect to fraudulent concealment stated:
 These facts, according to the plaintiff, presented a genuine issue of material fact, in that "the Defendant was aware in 1982 of facts necessary to establish a cause of CT Page 2136 action for his failure to diagnose or refer in 1976, 1977, 1978, 1979, 1980, and 1981, and that he concealed them for the purpose of preventing the timely initiation of this suit." Thus, the plaintiff argues, there was sufficient evidence presented to the trial court to establish that the defendant either "knew of the alleged negligence and affirmatively concealed it, or knew of the negligence and failed to disclose it." We conclude, assuming as we must the truth of these allegations, that the actions of the defendant did not constitute fraudulent concealment of the plaintiff's cause of action and, consequently, that the motion for summary judgment was properly granted.
 "To establish that the [defendant] had fraudulently concealed the existence of [her] cause of action and so had tolled the statute of limitations, the [plaintiff] had the burden of proving that the [defendant was] aware of the facts necessary to establish this cause of action . . . and that [he] had intentionally concealed those facts from the [plaintiff]." Bound Brook Assn. v. Norwalk, 198 Conn. 660, 665, 504 A.2d 1047, cert. denied, 479 U.S. 819, 107 S.Ct. 81, 93 L.Ed.2d 36 (1986). While we continue to adhere to the general principle "that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions"; United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 376, 260 A.2d 596 (1969); Town Bank Trust Co. v. Benson, 176 Conn. 304, 309, 407 A.2d 971 (1978); it remains, nevertheless, incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists. Multi-Service Contractors, Inc. v. Vernon, 193 Conn. 446, 452, 477 A.2d 653 (1984). In this case, the plaintiff has simply failed to establish any such factual predicate concerning the defendant's alleged fraudulent concealment.
 Even if it can be said that the defendant misrepresented the contents of the decedent's medical records during the December, 1982 telephone conversation with the plaintiff, there was no evidence submitted to the trial court from which it could be inferred that the defendant misrepresented those facts with the intent necessary to constitute fraudulent concealment. The actions of the defendant must be "directed to the very point of obtaining the delay of which he afterward seek' to take advantage by pleading the statute." Lippitt v. Ashley, 89 Conn. 451, 480, 94 A. 995 (1915). . . . "Fraud is not to be presumed, but must be strictly proven. The evidence must be CT Page 2137 clear, precise, and unequivocal." Puro v. Henry, 188 Conn. 301, 308, 449 A.2d 176 (1982).
Connell, supra, 250-52, (footnotes omitted).
 In opposing a motion for summary judgment, however, "[m]ere assertions of fact are insufficient to establish the existence of a material fact and, therefore cannot refute evidence properly presented to the court under Practice Book 380." Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 12, 459 A.2d 115 (1983). The only support offered for the plaintiff's contention that the doctor-patient relationship had not terminated was her bald assertion that she and the decedent "assumed, without knowing, that [the defendant] was receiving regular updates on [the decedent's treatment from the specialists and was providing information as needed to the specialists during this period." (Emphasis added). We conclude that these assertions, unsupported by any other evidence, were not sufficient to present a material issue of fact concerning whether the defendant's "treatment" of the decedent extended beyond December, 1982. As a consequence, the plaintiff's reliance upon the doctrine of continuing treatment is without support.
Id., 253-54.
The court is not persuaded that defendant's actions amounted to fraudulent concealment nor is it persuaded by the argument that the plaintiff could not ascertain the defendant's name. The plaintiff had various avenues of discovery at his disposal with which to discover the owners of the premises in question.
Accordingly, the motion for summary judgment is granted as to the defendant, Michael Agey.
SCHALLER, J.