[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
ISSUE
Is the defendant entitled to summary judgment on the second count of the plaintiff's complaint?
FACTS
On January 30, 1990, Steven Sipperly (hereinafter the "plaintiff") filed a complaint against Burger King Corporation (hereinafter the "defendant").
In the first count of the complaint, plaintiff states that on August 6, 1989, he drove his car up to the defendant's drive up window and purchased some food. Plaintiff remained in the defendant's parking lot to eat the food. At a later point in time, plaintiff claims that he went back to the drive up window to stop an altercation between an acquaintance and a group of youths. Plaintiff alleges that he was attacked and injured by the youths. In the first count of the complaint, plaintiff claims that his injuries were caused by he negligence of the defendant.
In essentially the same manner as the first count, CT Page 2462 plaintiff, in the second count of the complaint, alleges a violation of the Connecticut Unfair Trade Practices Act (hereinafter "CUTPA"). Plaintiff claims the defendant engaged in unfair and deceptive trade practices by not providing proper security, not informing its customers or potential customers of security problems and for creating an expectation of safety by remaining open for late night business.
On June 17, 1991, the pleadings were closed when the defendant filed an answer. On November 12, 1991, the defendant filed this motion for summary judgment, a supporting memorandum of law and a copy of the deposition testimony of the plaintiff. On December 27, 1991, the plaintiff filed an objection and a memorandum of law in opposition to the defendant's motion. This matter was argued at short calendar on December 30, 1991.
Defendant's motion for summary judgment is only directed to the plaintiff's second count involving the CUTPA claim. Plaintiff's argument against defendant's use of depositions in conjunction with this motion was resolved at short calendar and is not addressed in this memorandum.
DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book Section 384; Hammer v. Lumberman's Mutual Casualty Company, 214 Conn. 573, 578, 573 A.2d 699 (1990). When deciding a motion for summary judgment, the courts employ a test to determine if a party would be entitled to a directed verdict on the same facts. Hammer v. Lumberman's Mutual Casualty Company, supra, 578. Once the pleadings have been closed, the proper way to test the legal sufficiency of a complaint is through a motion for summary judgment. Boucher Agency, Inc. v. Zimmer, 160 Conn. 404, 409, 279 A.2d 540
(1971); Camp v. Chase, 39 Conn. Sup. 264, 267 n. 1476 A.2d 1087 (Super Ct. 1983).
In moving for summary judgment, defendant claims that the plaintiff cannot recover under CUTPA because the plaintiff was not subject to unfair or deceptive acts or practices. Defendant also argues that damages for personal injury are not recoverable under CUTPA. In opposing this motion, plaintiff claims that material issues of fact exist as to the alleged unfair and deceptive practices and acts of the defendant and that monetary damages are recoverable under CUTPA. CT Page 2463
"No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes Section 42-110b(a). "Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action . . . to receive actual damages." General Statutes Section 42-110g(a).
There has been a split within the superior court in recognizing CUTPA as a vehicle to recover for personal injuries. See Mingrone v. Donaldson, Co., Inc., Superior Court, Judicial District of New haven, Docket No. 284106 (December 21, 1990); Ogonowski v. Incredible Motel, Inc., 1. Conn. L. Rptr. 164 (January 10, 1990, Hennessey, J.) (bound reporter); Hov v. Westland, Inc., 4 CSCR 729 (September 28, 1989, Thompson, J.); Spring v. Armstrong, 4 CSCR 225 (January 27, 1989, Corrigan, J.). Even when personal injuries have been found to be sufficient under CUTPA, such injuries are actionable only if the injury occurred "as a result of the use or employment of a method, act or practice prohibited by section 42-110b." Ogonowski v. Incredible Motel, Inc., supra 166 (emphasis in the original).
In determining the unfairness of a practice, this state has adopted the "Cigarette Rule" used by the Federal Trade Commission. A-G Foods, Inc. v. Pepperidge Farms, Inc.,216 Conn. 200, 215, 579 A.2d 69 (1990); Conway v. Prestia,191 Conn. 484, 492-493, 464 A.2d 847 (1983). The cigarette rule has three parts:
 (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers . . .
A-G Foods, Inc. v. Pepperidge Farms, Inc., supra 215.
"A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." Atlantic Richfield Company v. CT Page 2464 Canaan Oil Company, 202 Conn. 234, 242, 520 A.2d 1008 (1987) (quoting McLaughlin Ford, Inc. v. Ford Motor Co., 192 Conn. 558,569 n. 15, 473 A.2d 1185 (1984)). "[T]he phrase `or because to lesser extent it meets all three' suggests that conjunctive linkage may be appropriate in certain cases." Atlantic Richfield Company v. Canaan Oil Company, supra, 242. When a CUTPA claim is based soley in negligence, all three prongs of the cigarette rule must be satisfied. A-G Foods, Inc. v. Pepperidge Farms, Inc., supra, 217.
To satisfy the third prong of this rule, a party must have suffered an unjustified consumer injury. Id. For an injury to meet the criteria, "[i]t must be substantial; it must not be outweighed by any countervailing benefits to consumers or competition that the practice produces; and it must be an injury that consumers themselves could not reasonably have avoided. Id., 216. Also, it has been suggested that it is doubtful if negligent conduct constitutes an "immoral, unethical, oppressive or unscrupulous practice." Id., 216-217.
"To satisfy the `ascertainable loss' requirement, a plaintiff need only prove that it has purchased an item partially as a result of an unfair or deceptive practice or act and that the item is different from that for which he bargained. Hinchliffe v. American Motors Corporation,184 Conn. 607, 614-615, 440 A.2d 810 (1981); see also Conway v. Prestia, supra, 494.
The second count of the plaintiff's complaint is grounded in negligence and as such, it must satisfy all the prongs of the cigarette rule. It is undisputed that the plaintiff was injured while attempting to stop an altercation (see paragraphs 6-10 of the first count of the plaintiff's complaint, also incorporated in the second count of the complaint.)
The plaintiff could have reasonably avoided injury and therefore did not suffer an unjustified consumer injury. Even if the defendants conduct was found to be negligent, it is doubtful if such conduct meets the requirements under the second prong of the cigarette rule.
Because the plaintiff cannot demonstrate that he has suffered an injury under the third prong of the cigarette rule, and since it is doubtful that the defendant's conduct will meet the second prong, the plaintiff cannot show that he was subjected to an unfair trade practice. Additionally, the plaintiff has not demonstrated how the acts of the defendant caused any items, purchased by the plaintiff, to be different CT Page 2465 from that which the plaintiff had bargained for.
The court finds that the plaintiff has failed to show that injuries were the result of an unfair trade practice on the part of the defendant. Also, the plaintiff has failed to demonstrate an ascertainable loss under CUTPA. Therefore, the plaintiff has not brought a CUTPA claim for which relief may be granted. Accordingly, the defendant's motion for summary judgment, as to the second count of the complaint, is hereby granted.
HURLEY, JUDGE