[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#101)
On May 27, 1994, the plaintiff, John P. Lavieri, brought this action against the defendant, Sterling Engineering Corporation, and certain of its shareholders, directors and officers. The first count of the plaintiff's complaint purports to be a shareholder's derivative action. The plaintiff alleges that all dividends, salaries, and bonuses were paid to shareholders in the form of an employment position with the defendant and that shareholders who were not employed by the defendant were paid a dividend or a salary in lieu of employment. The plaintiff alleges that he and other similarly situated shareholders who are not employed by the defendant corporation have not been paid a dividend or a salary in lieu of employment.
In counts two and three, the plaintiff in his individual capacity has sued the defendant corporation for breach of an express employment contract, and an implied employment contract, respectively. On October 22, 1990, the defendant terminated the plaintiff. The plaintiff alleges that the defendant expressly and implicitly promised the plaintiff employment with the corporation for the rest of his life. In count four, the plaintiff alleges that the defendant's failure to pay him dividends or to employ him violated an implied contract CT Page 8664 that the plaintiff would receive a job in lieu of a dividend or, if he was not so employed, he would receive a regular payment.
The defendant has now moved to strike count one of the plaintiff's complaint on two grounds: (1) the plaintiff does not have standing as the nominal shareholder to bring a derivative action on behalf of the corporation; and (2) the plaintiff has failed to make a requisite demand on the corporate directors to bring the derivative action and has failed to allege a valid excuse from making such a demand. Pursuant to Practice Book § 155, the plaintiff and the defendant corporation have filed memoranda of law in support of their respective claims.
The motion to strike is provided for in Practice Book § 151-158. A motion to strike challenges the legal sufficiency of a pleading, or any count thereof, to state a claim upon which relief can be granted. Practice Book § 152; Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). In deciding on a motion to strike, the court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." Michaud v. Warwick,209 Conn. 407, 408, 551 A.2d 738 (1988). The court is limited to the facts alleged in the challenged pleading;King v. Board of Education of Watertown, 195 Conn. 90,93, 486 A.2d 1111 (1985); and must admit the truth of all facts well pleaded. Mingachos v. CBS Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). "The sole inquiry at this stage is whether the plaintiff's allegations, if proved, state a cause of action." Levine v. Bess and Paul Sigel HebrewAcademy of Greater Hartford Inc., 39 Conn. Sup. 129, 132,471 A.2d 679 (1983). A motion to strike is the appropriate procedural motion for challenging the standing of the nominal plaintiff in a shareholder's derivative suit. Camp v. Chase, 39 Conn. Sup. 264, 266, (1983).
General Statutes § 52-572(j), in pertinent part, provides:
 (a) Whenever any corporation or any unincorporated association fails to enforce a right which may properly be asserted by it, a CT Page 8665 derivative action may be brought by one or more shareholders or members to enforce the right, provided the shareholder was a shareholder, at the time of the transaction of which he complained. . . . The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association.
(Emphasis added.) General Statutes § 52-572(j).
A shareholder's derivative suit is an equitable action by the corporation as the real party in interest with a stockholder as a nominal plaintiff representing the corporation. (Citations omitted.) Barrett v. SouthernConn. Gas Co., 172 Conn. 362, 370, 374 A.2d 1051 (1977). It is designed to facilitate holding wrongdoing directors and majority shareholders to account and also to enforce corporate claims against third persons. Id. A stockholder who brings suit on a cause of action derived from the corporation assumes a position, not technically as a trustee perhaps, but one of a fiduciary character. He sues, not for himself alone, but as a representative of a class comprising all who are similarly situated. Id., 371-72.
The defendant in a derivative action may properly question whether the plaintiff has standing in equity to act as the nominal shareholder acting on behalf of the corporation and the other shareholders. Id., 370.
 The standing of the nominal shareholder plaintiff is important largely because of the res judicata effect of a judgment rendered in a derivative action. . . . The plaintiff is able to foreclose all future litigation by other shareholders or the corporate directors by obtaining a judgment on the merits of the corporate cause. Particularly in jurisdictions where shareholder suits are common, courts have developed equitable standards to assure procedural fairness. These conditions act as prerequisites that the shareholder must CT Page 8666 satisfy in order to assert the alleged corporate claim.
Id., 371.
The nominal plaintiff must fairly and adequately represent the shareholders on whose behalf he purports to sue. Id.; General Statutes § 52-572(j). Adequate and fair representation consists of the nominal plaintiff having interests and issues coextensive with those of the class of shareholders he seeks to represent and being able to assure the trial court that as a representative, he will "put up a real fight." (Citation omitted.) Barrett v.Southern Conn. Gas Co., supra, 373.
In the present case, the defendant has attacked the representative qualifications of the nominal plaintiff on the ground that the plaintiff has interests conflicting with those of the shareholders. In such a case, "the real issue is whether an inquiry of all possible antagonisms between the interests of the representative and those of the class . . . . reveals conflicts which make it likely that the interest of the other stockholders will be disregarded in the management of the suit." (Citation and Internal quotation marks omitted.) Id., 374. The standard is one of potential for abuse . . . the nominal plaintiff must be free of any interest which holds the potential of influencing his conduct of the litigation in a manner inconsistent with the interests of the shareholders. Id., 377.
In Barrett, the nominal plaintiff had also brought an individual suit against the corporation. The court found an irreconcilable conflict based on the plaintiff's attempt to act on behalf of the corporation while at the same time demanding funds which the corporation might otherwise use for dividends. Id., 374. The court held that the damages Barrett sought in his individual action would adversely affect the equity interest of the same shareholders he purports to represent in the derivative action. Id., 375. The court further found a conflict based on the fact that Barrett's individual action and the derivative suit arose out of the same dispute. Id. In denying the plaintiff standing as a nominal plaintiff, the court concluded that the real dispute was between CT Page 8667 Barrett and the corporation. Id.
This court also finds that the real dispute in the present action is between the individual plaintiff and the defendant corporation. The plaintiff's individual actions and the derivative action arise out of the same dispute, specifically, the termination of the plaintiff. Moreover, similar to Barrett, a monetary recovery by the plaintiff on counts two, three, and four of his complaint would adversely affect the equity interests of the same shareholders he purports to represent in count one. For the foregoing reasons, the plaintiff is not free of any interest which holds the potential of influencing the derivative litigation in a manner inconsistent with the interests of the shareholders. Accordingly, the plaintiff lacks standing to act as the nominal plaintiff.
In his memorandum in opposition to the motion to strike, the plaintiff attempts to distinguish Barrett by arguing that Barrett was asserting the same claim on behalf of the corporation as he was in his individual suit. The plaintiff argues further that his individual claims and the derivative action are not in conflict, but rather are complimentary. He contends, therefore, that he can equally assert his rights for breach of contract in counts two through four while also maintaining the derivative suit in count one. In Barrett, however, the court was concerned that the resolution of the individual action may have a detrimental effect on the corporation itself. Id., 374-75. That same conflict is inherent in the present case.
The defendant's motion to strike count one of the plaintiff's complaint is granted on the ground that the plaintiff lacks standing to act as the nominal plaintiff. It is not necessary for the court to address the defendant's second ground for striking count one.
PICKETT, J.