[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#155)
This action was commenced on August 10, 1993, against several defendants due to a fire that resulted in the deaths of Adrienne Jordan, and her children Justin and Alicia Jordan. The fire occurred at the premises known as 273 Caroline Street in Derby, Connecticut, on August 12, 1991. The plaintiff brings this lawsuit, as administratrix of the estates of the decedents, as well as on behalf of the surviving minor children James Jordan, Jeremy Jordan, and George Jordan, Jr., as the court-appointed guardian of the estates of these minor children. The defendants are the building owners, D A Associates, and its partners Richard Kastens and Rinaldo Arnold Botti, the City of Derby, and the Derby Housing Authority. CT Page 211
The Jordan family resided at the subject property and were receiving federally subsidized lease benefits, commonly known as "Section 8" benefits. Title 42 U.S.C. § 1437f creates the "Section 8" lease subsidies which are administered by the United States Department of Housing and Urban Development (hereinafter "HUD"). HUD then enters into "Annual Contribution Contracts," as defined in24 C.F.R. § 882.102, with Public Housing Agencies (hereinafter "PHA"). In essence, HUD enters into an agreement to partially subsidize housing assistance payments made by a PHA. Pursuant to the HUD regulations, promulgated under 42 U.S.C. § 1437, the PHA must inspect the premises before approving the housing for "Section 8" benefits. In the instant case, the apartment at 273 Caroline Street was inspected on September 19, 1990, and was approved on October 23, 1990, after a second inspection by the Derby Housing Authority. The fire occurred the following August.
In count four of the "Corrected Revised Complaint," filed May 9, 1994, the plaintiff has brought suit against the Derby Housing Authority alleging that it was negligent in not ensuring that the premises were "decent, safe, and sanitary" as required by the pertinent federal regulations, and that it failed to inspect and enforce state and local fire codes that pertained to the basement. The fire started in the basement of the premises when, according to the claims of the plaintiff, combustible fuel was negligently spilled on the floor in the vicinity of the hot water heater, which then ignited when it reached the hot water heater. George Jordan, Sr., husband of the deceased Adrienne Jordan, allegedly spilled the fuel while repairing a kitchen floor from below at the request of the owners.
By motion filed December 29, 1994, the defendant Derby Housing Authority now moves for summary judgment on its behalf, essentially asserting that it is entitled to judgment as a matter of law. On March 28, 1995, the plaintiff filed a memorandum in opposition to the Derby Housing Authority's motion for summary judgment.
"The office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues." Burke v. Avitabile,32 Conn. App. 765, 630 A.2d 624 (1993). "Boucher Agency, Inc. v.Zimmer, 160 Conn. 404, 408-409, 279 A.2d 540 (1971) . . . seems to indicate that a motion for summary judgment can be used to test the legal sufficiency of the complaint prior to judgment. While recognizing Boucher, the fact is that it was decided in 1971 and CT Page 212 has not been cited for that proposition to this date, leads [the court] to the conclusion that it is anomalous." Burke v. Avitabile,
supra, 772 n. 9. Hence, a motion to strike is the proper vehicle to test the legal sufficiency of the complaint. Practice Book § 152.
Nevertheless, "Superior Court judges have consistently relied on the Boucher language in allowing the legal sufficiency of a complaint to be challenged via the summary judgment motion. . . . [S]ummary judgment is the appropriate way to raise the legal sufficiency of the complaint after the pleadings are closed." (Citations omitted.) Kimball v. Gallant, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 453080,11 Conn. L. Rptr. 286, 288 n. 2 (March 16, 1994, Berger, J.); see also Blair v. Mis, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 110197 (March 10, 1995, McDonald, J.). "Both the motion to strike and motion for summary judgment test the legal sufficiency of a cause of action . . . ." Camp v. Chase,39 Conn. Sup. 264, 267 n. 1, 476 A.2d 1087 (Super.Ct. 1983). Here, the court will consider the legal sufficiency of the plaintiff's claims.
The gravamen of the plaintiff's complaint against the Derby Housing Authority is that the defendant was negligent in not ensuring that the subject premises complied with state and local fire codes, and that the defendant was required to do so in order to make the premises "decent, safe, and sanitary" as required42 U.S.C. § 1437f and by the underlying federal regulations. ("Corrected Revised Complaint," filed May 9, 1994, count four.)
A private right of action may exist under the United States Housing Act, Title 42 U.S.C. § 1437, et seq. ("USHA"), if the Public Housing Authority fails to inspect the housing in accordance with the applicable regulations. Hurt v. Philadelphia HousingAuthority, 806 F. Sup. 515 (E.D.Pa. 1992); Simmons v. CharlestonHousing Authority, 881 F. Sup. 225 (S.D.W. Va. 1995). For instance, the Hurt case involved residents of "Section 8" housing that brought a lawsuit based on the lead-based paint abatement provisions of the regulations, as well as the LBPPPA (Lead Based Paint Poisoning Prevention Act, 42 U.S.C. § 4821). Hurt v.Philadelphia Housing Authority, supra, 520-21. The Hurt court even stated that "[i]t does not matter [if] the obligations at issue are created by regulation rather than by statute." Id., 525 n. 14.
The court in this case dose not have to consider whether a private right of action exists.[1] That is, the plaintiff's claim CT Page 213 against the Derby Housing Authority is based on general principles of negligence. ("Corrected Revised Complaint," count four, paragraph 22.) "A breach of duty by the defendant and a causal connection between the defendant's breach of duty and the resulting harm to the plaintiff are essential elements of a cause of action in negligence." (Citations omitted.) Catz v. Rubenstein, 201 Conn. 39,44, 513 A.2d 98 (1986). "To recover on a theory of negligence, the plaintiff must establish that the defendant owed a duty to them and that he breached that duty. . . . The existence of a duty is a question of law, and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation." (Citations omitted.) Leavenworthv. Mathes, 38 Conn. App. 476, 479, ___ A.2d ___ (1995).
Here, the federal statutes and regulations place no specific duty on the Derby Housing Authority to inspect for compliance with state and local fire codes. The federal regulations, however, do place a specific duty on the Derby Housing Authority to ensure that "[t]he building shall provide an alternate means of egress in case of fire (such as fire stairs or egress through windows)." 24 C.F.R. § 882.109 (j)(2). In count one, paragraphs 17 and 18(c) of the "Corrected Revised Complaint," filed May 9, 1994, the plaintiff alleges that there was only one means of egress which impeded the decedents from escaping the second floor safely. The court finds that the Derby Housing Authority had a duty, based on the federal regulations, to ensure that there existed an alternate means of egress from the dwelling in case of fire, and that duty was owed to the Jordan family. The trier of fact must determine if this duty was breached, and if so, the trier must determine if the breach of duty caused the harm.
Also, in count one, paragraphs 18(a) of the "Corrected Revised Complaint," filed May 9, 1994, the plaintiff alleges that the boiler and heater room (basement in this case) was not properly separated from the rest of the apartment by fire resistant construction. The court notes that the regulations provide, under the heading of "Structure and materials," that "[t]he dwelling unit shall be structurally sound so as not to pose any threat to the health and safety of the occupants and so as to protect the occupants from the environment." 24 C.F.R. § 882.109(f)(1). This section of the regulations may implicate the use of fire resistant construction materials.
Title 24 C.F.R. § 882.116 places several responsibilities on the Public Housing Authority ("PHA"). The plaintiff, in her CT Page 214 memorandum in opposition, specifically relies on 24 C.F.R. § 882.116(o) which states that the PHA shall be responsible for "[i]nspections prior to leasing and inspections at least annually to determine that the units are maintained inDecent, Safe, and Sanitary condition, and notifications to Owners and Families of PHA determinations." (Emphasis added.) In order to enforce those determinations, § 882.116(p) expresses that the PHA shall be responsible for "[a]dministration and enforcement of Contracts with Owners and taking of appropriate actions in case of noncompliance or default." Most importantly, the definition section of the "Section 8" regulations,24 C.F.R. § 882.102, defines "Decent, Safe, and Sanitary" as housing that complies with the standards set forth in 24 C.F.R. § 882.109. As such, the court's analysis must turn to the standards enumerated in 24 C.F.R. § 882.109 to find whether the Derby Housing Authority had specific duties based on the regulations.
Title 24 C.F.R. § 882.109 enumerates a litany of requirements that must be met before a PHA can find that the "Section 8" housing quality standards have been achieved. For instance, § 882.109 requires a proper toilet and bath, proper sanitary food preparation facilities and refuse disposal, proper heating, proper illumination and electricity, structural soundness, good air quality, provisions for the abatement of lead-based paint, and so on. These standards, if achieved, means that the housing is "Decent, Safe, and Sanitary" as defined by 24 C.F.R. § 882.102.
The court notes that in only one limited circumstance does the PHA, pursuant to 24 C.F.R. § 882.109, have to ensure that the dwelling unit complies with state or local fire codes. Pursuant to 24 C.F.R. § 882.109(n)(3), the PHA is responsible for ensuring that "[a]ll emergency and safety features and procedures shall meet applicable State and local standards." This section of the regulations, however, only applies to an "Independent GroupResidence" under the regulations; this type of residence is defined in 24 C.F.R. § 882.102 as "[a] dwelling unit for the exclusive residential use of two to twelve elderly, handicapped or disabled individuals . . . who are not capable of living completely independently . . . ." Nowhere else in 24 C.F.R. § 882.109 is a duty placed on the PHA to ensure that the "Section 8" approved housing complies with state and local fire codes.[2] As such, the provision of 24 C.F.R. § 882.109(n)(3) does not apply to the facts at hand in this case. The plaintiff has not alleged that the Jordan family lived in an "Independent Group Residence." CT Page 215
The Derby Housing Authority, however, had a specific duty to ensure that the building had an alternate means of egress. 24 C.F.R. § 882.109(j)(2). A breach of this duty amounts to negligence, and the regulations can be used as evidence of the standard of care. Wendland v. Ridgefield Construction Services,Inc., 184 Conn. 173, 181, 439 A.2d 954 (1981). The breach of the duty may even amount to negligence per se. Gore v. People'sSavings Bank, 235 Conn. 360, 376, ___ A.2d ___ (1995) (violation of statute or regulation allows jury to find negligence per se);Wright v. Brown, 167 Conn. 464, 468-69, 356 A.2d 176 (1975) (stating the criteria for negligence per se).
In conclusion, the court finds that the Derby Housing Authority was not required to ensure that the Jordan Family's "Section 8" housing complied with state and local fire codes. Nevertheless, count four of the plaintiff's complaint states a cause of action in negligence. An issue of material fact exists as to whether the Derby Housing Authority breached its duty under the regulations.
For the reasons set forth above, the defendant Derby Housing Authority's motion for summary judgment (#155) is denied.
Skolnick, J.